IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                         No. CV 12-1148 JH/KBM
                                                                                   CR 95-0353 JH

CARLOS ARMENDARIZ,

      Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 4(b), 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant To 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 392) filed on November 5, 2012, and on his Motion to Ammend [sic] (CV Doc. 3; CR Doc. 393) filed on February 21, 2013.

In 2010, Defendant filed a first § 2255 motion (CR Doc. 379). By order and judgment (CR Docs. 387, 388) entered on June 7, 2011, the Court dismissed Defendant's first motion with prejudice. Defendant now brings a second § 2255 motion, contending that he is entitled to relief under *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). In his motion to amend, Defendant asserts additional, new claims against his conviction, contending that his arrest and prosecution were illegal. The Court will dismiss both motions for lack of jurisdiction.

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (weighing

factors announced in *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), before transferring a second § 2255 motion); *and see Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006); *Thornbrugh v. United States*, 424 F. App'x 756, 759 (10th Cir. 2011) (noting that district court "properly held that it 'lack[ed] jurisdiction to consider [a successive § 2255] motion.' ").

The factors that the Court of Appeals for the Tenth Circuit announced in *Trujillo v. Williams* are (1) whether a new § 2255 motion would be time barred at this point, *see Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000); (2) whether Defendant's claims "are likely to have merit," *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4; and (3) whether Defendant filed his motion in good faith, *see Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996).

Because the original limitations period for Defendant's § 2255 motion has expired, the first factor could possibly favor transfer of Defendant's motion. The second and third factors, however, weigh conclusively in favor of dismissal. The Court of Appeals for the Tenth Circuit has squarely denied authorization of a second or second § 2255 motion brought under the decisions in *Missouri v. Frye* and *Lafler v. Cooper*. *See In re Arras*, No. 12-2195, slip ord. at *2 (10th Cir. Dec. 11, 2012) (concluding that "*Lafler* and *Frye* . . . did not establish a new rule of constitutional law."); *see also United States v. Lawton*, No. 12-3240, 2012 WL 6604576, at *3 (10th Cir. Dec. 19, 2012) (same); *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 878-79 (7th Cir. 2012). The *Arras* and *Lawton* rulings preclude consideration of the merits of Defendant's § 2255 claims. *See Trujillo*, 465 F.3d at 1223 n. 16. Furthermore, Defendant's motion to amend does not appear likely to have merit or to be brought in good faith. *See id.* The Court will dismiss Defendant's § 2255 motion and his motion to amend for lack of jurisdiction. *See Thornbrugh*, 424

F. App'x at 759.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability. *See United States v. Harper*, 545 F.3d 1230, 1223 (10th Cir. 2008) ("[D]ismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that § 2253 requires petitioner to obtain a COA before he or she may appeal.").

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant To 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 392) filed on November 5, 2012, and his Motion to Ammend [sic] (CV Doc. 3; CR Doc. 393) filed on February 21, 2013, are DISMISSED for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE